FILED

SEP 13 2023

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ANGELO RHAD and PATRICK KELLY, | NO: 3:23 CV 1779 |
| Plaintiffs, | |
| | CIVIL ACTION COMPLAINT |
| vs. | |
| J.L.C. TRANSPORTATION, INC., and DARROL LAON LONG, | JURY TRIAL DEMANDED |
| | JUDGE HELMICK |
| Defendants. | MAG JUDGE CLAY |

Counsel of Record for Plaintiff:

Thomas D. Berret, Esq.
PA ID #: 76733
**PRO HAC VICE**
Hal K. Waldman & Associates
1326 Freeport Road, Suite 100
Pittsburgh, PA 15238
412-963-1794
tberret@waldmaninc.com

**PLAINTIFFS' CIVIL ACTION COMPLAINT**

AND NOW, come the Plaintiffs Angelo Rhad and Patrick Kelly, and in their Complaint, Plaintiffs state as follows:

## I. THE PARTIES

1. Plaintiff Angelo Rhad is an adult individual residing in and a citizen of the Commonwealth of Pennsylvania.

2. Plaintiff Patrick Kelly is an adult individual residing in and a citizen of the State of New Jersey.

1

3. Defendant J.L.C. Transportation, Inc. (hereafter alternately referred to as "JLC") is an Ohio Corporation with an address of 25239 Commerce Drive, Defiance, Ohio 43512.

4. Defendant JLC is a trucking company in the business of, *inter alia,* providing intrastate and/or interstate transportation of goods.

5. Defendant Darrol Laon Long (hereafter alternately referred to as "Long") is an adult individual with an address of 100 Norwood Drive, Apartment 5B, Napoleon, OH 433545.

6. At all times relevant to this lawsuit, Defendant Long was acting within the course and scope of his employment with Defendant JLC.

## II. JURISDICTION AND VENUE

7. Paragraphs 1 through 6 are hereby incorporated as though set forth fully herein.

8. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a) as the amount in controversy exceeds the sum of seventy five thousand dollars exclusive of costs and interest, and is between citizens of different States.

9. This Court has personal jurisdiction because, *inter alia,* Defendant JLC is a citizen of Ohio, has a business located in Ohio, has continuous and systematic contacts with Ohio, and can fairly be considered to be at home in Ohio.

10. Moreover, Defendant JLC has purposefully directed its business activities to Ohio residents and the litigation arises from those activities.

11. This Court has personal jurisdiction over Defendant Long because he is a citizen of Ohio, and the litigations arises from his activity in the state of Ohio.

12. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) and 28 U.S.C. §1392 (b)(2), as both Defendants reside in the judicial district where this action has been filed and the collision out of which this suit arises occurred in this district.

### III. FACTUAL ALLEGATIONS

13. Paragraphs 1 through 12 are hereby incorporated as though set forth more fully herein.

14. This lawsuit arises out of a tractor trailer versus motor vehicle collision that occurred on October 8, 2021 at or around 3:14 p.m.

15. The collision occurred on Interstate Route 80, Township of Northwest, County of Williams, State of Ohio.

16. The collision occurred at or around Latitude 41.624035 and Longitude -84.698667.

17. At all times relevant to this lawsuit, Defendant JLC was acting through its owners, employees, officers, members, drivers, over the road truckers, agents, apparent agents, ostensible agent, and/or contractors.

18. On October 8, 2021, Defendant Long was acting within the course and scope of his employment with Defendant JLC.

19. Alternatively, on October 8, 2021, Defendant Long was operating the subject tractor trailer as described hereafter with the knowledge, consent, and/or permission of Defendant JLC.

20. On October 8, 2021 Defendant JLC was the owner of a 2010 International Truck, Model LF627, with an Ohio license plate number of PWP4576.

21. On that same date, Defendant Long was operating the 2010 International Truck with an unloaded trailer attached thereto. This vehicle combination will be referred to as the "tractor-trailer".

22. On October 8, 2021, at around 3:14 p.m. Defendant Long was operating the tractor-trailer on Interstate 80 westbound at or around milepost 5.6.

23. At that same time, Plaintiff Angelo Rhad was a passenger in a motor vehicle being driven

3

by Karlee Killen upon Interstate 80 westbound at or around milepost 5.6. This vehicle was being driven on the roadway ahead of the tractor-trailer.

24. At that same time, Plaintiff Patrick Kelly was a passenger in a motor vehicle being driven by Karlee Killen upon Interstate 80 westbound at or around milepost 5.6. This vehicle was being driven on the roadway ahead of the tractor-trailer.

25. At that time and location, traffic in general was stopped on Interstate 80 westbound at or around milepost 5.6.

26. The vehicle driven by Karlee Killen, occupied by both Plaintiffs, was brought to a proper, controlled, and complete stop.

27. At that same time, Defendant Long was driving the tractor-trailer at or around fifty two (52) miles per hour, approaching the Plaintiffs' vehicle.

28. As Defendant Long was approaching the Plaintiffs' vehicle at or around fifty two miles per hour, he was not looking at the roadway in front of him.

29. Instead, Defendant Long was looking off the highway, to his right and to his left, "taking in the sights".

30. As Defendant approached the stopped vehicle of the Plaintiffs he drove directly into the rear of the vehicle they occupied.

31. At that time, the force of the ensuing collision was such that it propelled the Plaintiffs' vehicle into the concrete median barrier, and then into a stopped vehicle in front of the Plaintiffs' vehicle.

32. As a result of the collision, each Plaintiff has suffered the injuries, losses, and damages that are set forth subsequently in this Complaint.

## IV. DAMAGES

33. Paragraphs 1 through 32 of this Complaint are hereby incorporated as though set forth more fully herein.

34. As the sole, direct, and proximate result of the collision, Plaintiff Angelo Rhad has suffered the following injuries, all or some of which may be permanent in nature:

    a. closed head injury including loss of consciousness, photophobia, amnesia, concussion, blurred vision, headaches, tinnitus, fatigue, disturbed sleep, memory difficulties, cognitive deficiencies, increased irritability, lightheadedness;
    b. pain and injury to the neck, back, chest, left shoulder, and bilateral hips;
    c. lower extremity pain and injury;
    d. three to four centimeter laceration about the right eye;
    e. anxiety, depression, insomnia, panic attacks, and post-traumatic stress disorder;
    f. permanent scarring;
    g. such other injuries as may present at or before the time of trial.

35. As the sole, direct, and proximate result of this collision, Plaintiff Angelo Rhad was required to undergo medical treatment, including the following:

    a. emergency ambulance extrication and treatment;
    b. emergency medical helicopter transport;
    c. emergency department treatment;
    d. diagnostic testing;
    e. numerous visits with physicians and other medical providers;
    f. counseling and/or therapy;
    g. the use of medication;
    h. chiropractic treatment.

36. As the further sole, direct, and proximate result of this collision, Plaintiff Angelo Rhad has experienced pain, suffering and inconvenience.

37. As the further sole, direct and proximate result of the collision, Plaintiff Angelo Rhad will be required to undergo future medical treatment in an effort to restore himself to good health.

38. As the further sole, direct and proximate result of the collision, Plaintiff Angelo Rhad has incurred recoverable economic damages including medical expenses and out of

5

pocket expenses.

39. As the further sole, direct and proximate result of the collision, Plaintiff Angelo Rhad was disabled and unable to work.

40. As the further sole, direct and proximate result of the collision, Plaintiff Angelo Rhad's insurer and/or health plan has paid medical benefits on his behalf, and is entitled to subrogation as a matter of law.

41. As the further sole, direct and proximate result of the collision, Plaintiff Angelo Rhad has suffered the loss of his health, vitality, and well-being.

42. As the further sole, direct and proximate result of the collision, Plaintiff Angelo Rhad has suffered or will suffer the loss of income, a loss of earning capacity, and diminished economic horizons.

43. As the further sole, direct and proximate result of the collision, Plaintiff Angelo Rhad has now or may develop in the future permanent limitations in strength, range of motion, and function.

44. As the sole, direct, and proximate result of the collision, Plaintiff Patrick Kelly has suffered the following injuries, all or some of which may be permanent in nature:
    a. pain and injury to the chest, left upper quadrant, ribs, abdomen, right femur and thigh, right foot, lower back, middle back, and shoulder;
    b. abrasions on the face, right forearm, left upper quadrant
    c. fractured teeth
    d. closed head injury including loss of consciousness, photophobia, nausea, concussion, blurred vision, headaches, fatigue, disturbed sleep, memory difficulties, cognitive deficiencies, dizziness, increased irritability, lightheadedness, and/or fogginess;
    e. central auditory processing disorder;
    f. such other injuries as may present at or before the time of trial.

45. As the sole, direct, and proximate result of this collision, Plaintiff Patrick Kelly was required to undergo medical treatment, including the following:

    a. emergency ambulance extrication and treatment;
    b. emergency medical helicopter transport;
    c. emergency department treatment;
    d. diagnostic testing;
    e. numerous visits with physicians and other medical providers;
    f. repair of fractured teeth;
    g. physical/vestibular therapy;
    h. counseling and/or therapy;
    f. the use of medication;
    g. chiropractic treatment.

46. As the further sole, direct, and proximate result of this collision, Plaintiff Patrick Kelly has experienced pain, suffering and inconvenience.

47. As the further sole, direct and proximate result of the collision, Plaintiff Patrick Kelly will be required to undergo future medical treatment in an effort to restore himself to good health.

48. As the further sole, direct and proximate result of the collision, Plaintiff Patrick Kelly has incurred recoverable economic damages including medical expenses and out of pocket expenses.

49. As the further sole, direct and proximate result of the collision, Plaintiff Patrick Kelly

50. As the further sole, direct and proximate result of the collision, Plaintiff Patrick Kelly's insurer and/or health plan has paid medical benefits on his behalf, and may be entitled to subrogation.

51. As the further sole, direct and proximate result of the collision, Plaintiff Patrick Kelly has suffered the loss of his health, vitality, and well-being.

52. As the further sole, direct and proximate result of the collision, Plaintiff Patrick Kelly has suffered or will suffer the loss of income, a loss of earning capacity, and diminished economic horizons.

53. As the further sole, direct and proximate result of the collision, Plaintiff Patrick Kelly has

7

now or may develop in the future permanent limitations in strength, range of motion, and function.

## V. CAUSE OF ACTION

### Count I
### Angelo Rhad v. J.L.C. Transportation, Inc.-Negligence

54. Paragraphs 1 through 53 of this Complaint are hereby incorporated as though set forth more fully herein.

55. This Defendant is legally responsible for the negligent acts and/or omissions of Defendant Darrol Laon Long.

56. The injuries, losses, and damages suffered by Plaintiff as set forth previously are the sole, direct, and proximate result of the following acts or omissions of the Defendant JLC, Defendant Long, and/or others for whom Defendant JLC is responsible:

   a. Driving too fast for conditions;
   b. Driving at an unsafe speed considering the road and traffic conditions;
   c. Failing to properly observe the roadway and traffic conditions;
   d. Failing to keep his eyes on the road in front of him;
   e. Failing to properly control the tractor-trailer;
   f. Failing to take proper and evasive action so as to avoid the collision;
   g. Failing to properly and timely apply the brakes on the tractor-trailer;
   h. Violating the assured clear distance rule;
   i. Failing to properly train Defendant Long to operate its tractor-trailer in a safe manner;
   j. Failing to properly supervise Defendant Long;
   k. Failing to provide a detailed itinerary to Defendant Long so that he would know he would be travelling upon a highly congested highway;
   l. Failing to provide a detailed itinerary to Defendant Long so that he would know he would be travelling on a highway that contained a construction zone.

**WHEREFORE,** Plaintiff Angelo Rhad demands judgment in his favor and against the Defendant for damages in excess of $75,000.00, for all causes of action as set forth in paragraphs 1 through 56, together with delay damages, lawful interest, the costs of this action and any additional relief that this Court may deem proper.

8

## Count II
## Angelo Rhad v. Darrol Laon Long-Negligence

57. Paragraphs 1 through 56 of this Complaint are hereby incorporated as though set forth more fully herein.

58. The injuries, losses, and damages suffered by Plaintiff as set forth previously are the sole, direct, and proximate result of the following acts or omissions of this Defendant:

   a. Driving too fast for conditions;
   b. Driving at an unsafe speed considering the road and traffic conditions;
   c. Failing to properly observe the roadway and traffic conditions;
   d. Failing to keep his eyes on the road in front of him;
   e. Failing to properly control the tractor-trailer;
   f. Failing to take proper and evasive action so as to avoid the collision;
   g. Failing to properly and timely apply the brakes on the tractor-trailer;
   h. Violating the assured clear distance rule;

**WHEREFORE,** Plaintiff Angelo Rhad demands judgment in his favor and against the Defendant for damages in excess of $75,000.00, for all causes of action as set forth in paragraphs 1 through 58, together with delay damages, lawful interest, the costs of this action and any additional relief that this Court may deem proper.

## Count III
## Patrick Kelly v. J.L.C. Transportation, Inc.-Negligence

59. Paragraphs 1 through 58 of this Complaint are hereby incorporated as though set forth more fully herein.

60. This Defendant is legally responsible for the negligent acts and/or omissions of Defendant Darrol Laon Long.

61. The injuries, losses, and damages suffered by Plaintiff as set forth previously are the sole, direct, and proximate result of the following acts or omissions of the Defendant JLC, Defendant Long, and/or others for whom Defendant JLC is responsible:

   a. Driving too fast for conditions;

    b.    Driving at an unsafe speed considering the road and traffic conditions;
    c.    Failing to properly observe the roadway and traffic conditions;
    d.    Failing to keep his eyes on the road in front of him;
    e.    Failing to properly control the tractor-trailer;
    f.    Failing to take proper and evasive action so as to avoid the collision;
    g.    Failing to properly and timely apply the brakes on the tractor-trailer;
    h.    Violating the assured clear distance rule;
    i.    Failing to properly train Defendant Long to operate its tractor-trailer in a safe manner;
    j.    Failing to properly supervise Defendant Long;
    k.    Failing to provide a detailed itinerary to Defendant Long so that he would know he would be travelling upon a highly congested highway;
    l.    Failing to provide a detailed itinerary to Defendant Long so that he would know he would be travelling on a highway that contained a construction zone.

**WHEREFORE,** Plaintiff Patrick Kelly demands judgment in his favor and against the Defendant for damages in excess of $75,000.00, for all causes of action as set forth in paragraphs 1 through 61, together with delay damages, lawful interest, the costs of this action and any additional relief that this Court may deem proper.

## Count IV
## Patrick Kelly v. Darrol Laon Long-Negligence

62.    Paragraphs 1 through 61 of this Complaint are hereby incorporated as though set forth more fully herein.

63.    The injuries, losses, and damages suffered by Plaintiff as set forth previously are the sole, direct, and proximate result of the following acts or omissions of this Defendant:

    a.    Driving too fast for conditions;
    b.    Driving at an unsafe speed considering the road and traffic conditions;
    c.    Failing to properly observe the roadway and traffic conditions;
    d.    Failing to keep his eyes on the road in front of him;
    e.    Failing to properly control the tractor-trailer;
    f.    Failing to take proper and evasive action so as to avoid the collision;
    g.    Failing to properly and timely apply the brakes on the tractor-trailer;
    h.    Violating the assured clear distance rule;

**WHEREFORE,** Plaintiff Patrick Kelly demands judgment in his favor and against the Defendant for damages in excess of $75,000.00, for all causes of action as set forth in paragraphs

1 through 64, together with delay damages, lawful interest, the costs of this action and any additional relief that this Court may deem proper.

                                      Respectfully submitted,

Date: _September 12, 2023_  By: _____
                                          Thomas D. Berret, Esquire
                                          Attorney for Plaintiff
                                          PA ID #: 76733
                                          **PRO HAC VICE**

                                          Hal K. Waldman & Associates
                                          1326 Freeport Road, Suite 100
                                          Pittsburgh, PA 15238
                                          Phone: 412-963-1794
                                          Fax: 412-963-6027
                                          tberret@waldmaninc.com